IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 2:20-cr-204-10 |
| | ) | |
| NATRELL JEFFRIES, | ) | 2:21-cr-452 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is Defendant Natrell Jeffries's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines, which became effective on November 1, 2023. ECF 1227.[1] Mr. Jeffries argues that a reduction of sentence in accordance with Amendment 821 would render him "overdue for release." *Id.* After carefully considering Amendment 821 and the applicable policy statements, Mr. Jeffries's binding Rule 11(c)(1)(C) plea agreement, the Presentence Investigation Report, the Judgment, and the relevant docket entries, the Court finds that Mr. Jeffries's sentence remains appropriate and hereby denies the motion.

## BACKGROUND

Mr. Jeffries was charged with one count of conspiracy to possess with intent to distribute and conspiracy to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 on August 19, 2020. ECF 3. Mr. Jeffries pleaded guilty to a lesser included offense at Count One of the indictment at No. 20-cr-204 and also waived prosecution by indictment and pleaded guilty to Count One of the information at No. 21-cr-452 pursuant to a Rule 11(c)(1)(C) plea agreement with the government. ECF 736; ECF 737. In that agreement, the parties stipulated that the type and quantity of controlled substance attributable to Mr. Jeffries's offense was a quantity of

---

[1] Mr. Jeffries filed his motion at both case numbers. The government also filed its response to the motion at both case numbers. The ECF citations in this order are to entries at Case No. 20-cr-204-10.

fentanyl between 40 and 160 grams.  ECF 736-1, p. 4.  The parties agreed that the appropriate sentence was a term of imprisonment of 84 months.  *Id.*[2]

The Court adopted the PSR, accepted Mr. Jeffries's plea agreement, and sentenced him in accordance with it to 84 months of imprisonment, four years of supervised release, and a $200 special assessment on May 4, 2022, at both case numbers, to be served concurrently.  ECF 929.  The judgment also included an order of forfeiture.  *Id.*  Mr. Jeffries's projected release date is April 26, 2026.  ECF 1240, p. 2.

## DISCUSSION & ANALYSIS

Mr. Jeffries moves to reduce his sentence based on Amendment 821 of the Sentencing Guidelines.   There is no question that Amendment 821 applies retroactively.  U.S.S.G. § 1B1.10(d), (e)(2); *see* Amendment 825 to U.S.S.G. § 1B1.10 (effective Nov. 1, 2023).  At issue here is the change to U.S.S.G. § 4A1.1(d).  Under the prior version of Section 4A1.1(d), defendants received two criminal history points if they committed the instant offense while under any criminal justice sentence.  Under the new version of Section 4A1.1(d), re-numbered as Section 4A1.1(e), defendants receive only one criminal history point if they commit the instant offense while under any criminal justice sentence.

In deciding whether to reduce a sentence based on a retroactive amendment, courts use a two-step process: "First, the Court must consider the scope of the

---

[2] Even though the plea agreement in this case was a Rule 11(c)(1)(C) plea agreement, Mr. Jeffries's Guidelines range (and any modifications to it now) still matters. That is, the Court can entertain Mr. Jeffries's motion if his Guidelines range was "a relevant part of the analytic framework the [Court] used to determine the sentence or to approve the agreement[.]"  *Hughes v. United States*, 584 U.S. 675, 687 (2018) (cleaned up).  And since the "general rule" is that the "Guidelines range is both the starting point and a basis for [the defendant's] ultimate sentence," including in accepting a Type-C plea agreement, the Court concludes that relief under § 3582(c)(2) for a retroactive change in the Guidelines remains available to Mr. Jeffries.  *Id.* at 686-87.

reduction authorized by the amendment, and, [second], it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a)." *United States v. White*, No. 19-348, 2024 WL 128196, at *1 (N.D. Ohio Jan. 11, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  If a sentencing reduction is not authorized by the amendment, the court need not reach the second step.  *Id.*

Here, Mr. Jeffries's motion fails at the first step.  That is, applying Amendment 821 here would have no effect on the scope of any reduction.  At sentencing, Mr. Jeffries had nine criminal history points, resulting in a criminal history category of IV.  ECF 856.  This included two points under the prior version of Section 4A.1.1(d).  *Id.*  Under the new version of Section 4A1.1(e), Mr. Jeffries would have a total of eight criminal history points, including one criminal history point pursuant to Section 4A1.1(e).  A criminal history score of eight still results in a criminal history category of IV.  Because the amendment does not change Mr. Jeffries's criminal history category, the applicable Guidelines range is unaffected.  *See United States v. Zeba*, No. 22-63, 2024 WL 1719939, at *2 (W.D. Pa. Apr. 22, 2024) (Horan, J.) (denying motion to reduce sentence in light of Amendment 821 where the defendant's "criminal history score remains unaffected by application of section 4A1.1(e)").

Since Mr. Jeffries's Guidelines range would remain unchanged even after applying the amendment, the Court denies his motion to reduce his sentence.  *See United States v. Reaves*, 807 F. App'x 181, 184 (3d Cir. 2020) (affirming district court's denial of motion to reduce sentence because the amendment at issue did not reduce the defendant's sentencing range).

\*     \*     \*

**AND NOW**, this 7th day of May, 2024, it is hereby **ORDERED** that Mr. Jeffries's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF 1227) is **DENIED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge